# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TERRANCE L. KINNARD,<br>doing business as<br>T. Kinnard Entertainment,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT KELLY, also known as<br>R. Kelly; ROWE ENTERTAINMENT<br>INC., et al.,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:08-CV-1824-JOF |

## OPINION AND ORDER

The instant matter is before the court on Defendant Robert Kelly, also known as R. Kelly's ("Kelly") Motion to Dismiss [17].

## I.     Background

Kelly is an internationally known recording artist. The instant matter arises out of a dispute between two entities seeking to promote Kelly's concerts. Defendant Leonard Rowe is the principal behind Defendant Rowe Entertainment, Inc. ("REI"), a Georgia company operating as a concert promoter. Defendant William R. Simms, Jr., serves as REI's accountant. In October 2007 REI entered into a Creative Artists Agency concert promotion agreement with R. Kelly Touring, Inc. ("Kelly Touring"). Under this agreement

REI was to promote thirty-five concerts on Kelly's Double-Up Tour. REI agreed to pay Kelly Touring a guaranteed $7 million; REI and Kelly Touring would split 85/15 any remaining profit from the tour. The agreement did not authorize REI to be Kelly Touring or Kelly's agent. The agreement explicitly stated that REI could not partner with any other promoters or sell off promotions rights to any tour dates without obtaining Kelly Touring's written consent.

During October 2007, REI also contacted Plaintiff Terrance L. Kinnard, doing business as T. Kinnard Entertainment (collectively "Kinnard"), located in Indiana, to discuss a partnership opportunity in which Plaintiff and REI would split the promotion revenue for Kelly's Double Up Tour performance in Indianapolis, Indiana in November 2007. On October 17, 2007, Plaintiff executed a contract with REI to invest $120,000 in promotion in exchange for fifty percent of the revenue from the Double-Up show in Indianapolis in November 2007. Plaintiff never received any proceeds from the Indianapolis show. Following the show Plaintiff and REI agreed that Plaintiff could recoup its losses at a December 2007 show in Jacksonville, Florida. Plaintiff ultimately received no proceeds from this show either.

At the conclusion of the tour, REI also failed to pay Kelly Touring $3.4 million of the $7 million guarantee. On February 11, 2008, Kelly Touring filed a demand for arbitration pursuant to its agreement with REI. An arbitrator ultimately found REI liable for

2

roughly the entire $3.4 million Kelly Touring claimed. During the course of arbitration, the arbitrator also found that REI had sold off concert dates without Kelly's knowledge or consent in breach of its agreement with Kelly Touring.

On May 21, 2008, Plaintiff filed the instant action alleging five counts of corrupt business influence, fraud, deception, theft, and conversion. Plaintiff demanded damages for his $120,000 lost investment along with punitive damages and attorneys' fees. All Defendants were served by publication between September 17, 2008, and October 27, 2008. Kelly filed the instant Motion to Dismiss on October 30, 2008. The remaining Defendants have not responded. Kelly contends that this court should dismiss Plaintiff's action against him for lack of personal jurisdiction and for failure to state a claim on which relief can be granted.

## II.     Discussion

Before the court reaches the merits of Kelly's motion, the court would like to address the remaining Defendants' failure to respond. The court ordered Plaintiff to serve Defendants by publication pursuant to Fed. R. Civ. P. 4(e) and O.C.G.A. § 9-11-4(f). Under these provisions, a defendant has sixty days from the date of the order for service by publication to serve an answer upon the plaintiff's attorney. O.C.G.A. § 9-11-4(f)(1)(C). The court may enter a default under Fed. R. Civ. P. 55(a) against all parties who fail to timely serve an answer. Here, the court entered its order for service by publication on

3

September 17, 2008. More than sixty days have passed and Defendants REI, Leonard Rowe, and William R. Simms, Jr., have failed to answer. The court DIRECTS the Clerk of Court to enter DEFAULT against these Defendants, and DIRECTS Plaintiff to move for default judgment under Fed. R. Civ. P. 55(b).[1]

There are two issues before the court – (1) whether this court has personal jurisdiction over Kelly, and (2) whether Plaintiff has sufficiently plead a claim for relief against Kelly. The court will begin with jurisdiction. Plaintiff bears the burden of producing evidence of personal jurisdiction over Kelly as a non-resident defendant sufficient to sustain a motion for directed verdict on that issue. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Personal jurisdiction is both statutory and constitutional. *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957). Plaintiff must show that Kelly is subject to jurisdiction under Georgia's long arm statute and under constitutional notions of due process. *Madara*, 916 F.2d at 1514.

> O.C.G.A. § 9-10-91 (1) provides that Georgia courts
>
> may exercise personal jurisdiction over any nonresident . . ., as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he . . . [t]ransacts any business within [Georgia].

---

[1] Defendants may move the court to set aside default under Fed. R. Civ. P. 55(c); however, the court notes that corporate defendants may not submit pleadings to the court *pro se*. If Defendant REI wishes to challenge this court's order for default or file any other motions or pleadings, it must obtain counsel pursuant to Local Rule 83.1(E)(N.D. Ga.).

4

Georgia courts have found jurisdiction under this statute to be coterminous with constitutional due process. *Innovative Clinical & Consulting Servs., L.L.C. v. First Nat'l Bank*, 279 Ga. 672, 675 (2002). Therefore, the only jurisdictional question before the court is a constitutional one.

Constitutional due process requires that a non-resident defendant have such "minimum contacts" with the forum state that the exercise of personal jurisdiction does not offend the "traditional conception of fair play and substantial justice." *Vogt v. Greenmarine Holdings, L.L.C.*, No. 1:01-CV-0311- JOF, 2002 U.S. Dist. LEXIS 21013, *14-15 (N.D. Ga. Feb. 20, 2002). Courts may require different "minimum contacts" depending upon whether a plaintiff is asserting specific or general jurisdiction. *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).[2] A plaintiff asserting specific jurisdiction must show that a defendant's contacts with the forum (1) are related to the cause of action alleged in the complaint; (2) involve some act of "purposeful availment" by the defendant himself of the privileges of the forum; and (3) are such that the defendant should reasonably anticipate being "haled into court there." *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994); *see also Madara v. Hall*, 916 F.2d at 1515n.7, *citing*

---

[2]Specific jurisdiction gives a court the power to haul a defendant into court to adjudicate a specific cause of action arising out of the defendant's contacts with the forum, whereas general jurisdiction allows a court to adjudicate any cause of action appropriate to the court regardless of whether the cause of action arises from the defendant's contacts with the forum. *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984) (discussing the two types of jurisdiction).

5

*Helicopteros*, 466 U.S. at 414 nn. 8-9. A plaintiff asserting general jurisdiction must show that the defendant has substantial "continuous and systematic general business contacts" with the forum state. *Consolidated*, 216 F.3d at 1292.

Here, Plaintiff's complaint contains no specific allegations of personal jurisdiction. Kelly is a resident of Illinois. He has never been a resident of Georgia or maintained a mailing address here; he owns no property or accounts here; he has never maintained an office in Georgia or been licensed to do business here; and he was not served here. In light of these facts, the court finds only two possible theories of jurisdiction – (1) personal jurisdiction exists over R. Kelly because he "does business all over the world," has performed in Georgia, and sells albums here, or (2) personal jurisdiction exists over Kelly through his alleged agent REI. Plaintiff's complaint does not offer sufficient evidence of personal jurisdiction under either of these theories.

Kelly has visited Georgia on a few occasions to perform concerts as part of nationwide concert tours, and Kelly's albums are sold in Georgia. Prior courts have found that these contacts do not constitute the substantial, "continuous and systematic general business contacts" necessary to sustain general jurisdiction. *See Madara*, 916 F.2d at 1516 n.7 (holding that sporadic concert performances and the sale of records do not confer general jurisdiction over an artist); *see also Jones v. Blige*, No. 04-60184, 2006 WL 1329247, at *4 (E.D. Mich. May 16, 2006) (concerts and record sales not enough for general jurisdiction);

6

*Nike, Inc. v. Boy Toy, Inc.*, No. 90-209-FR, 1990 WL 96681, at *2 (D. Or. July 2, 1990) (same). This court agrees. These contacts are likewise not sufficient for specific jurisdiction as the claims in this matter relate to concerts held in Indianapolis, Indiana and Jacksonville, Florida and not concerts or record sales related to Georgia.

Plaintiff contends that Georgia based REI was acting as Kelly's agent. Plaintiff's complaint states that Kelly held REI out to the world as an authorized representative with actual or apparent authority to enter into contracts on his behalf. (Cmpl. ¶¶ 9-10). Plaintiff contends that this authority was "published and transmitted into the national airways as well as multiple print publications and visual media." (*Id.* ¶ 11). A principal/agent relationship arises under Georgia law when one party, expressly or by implication, authorizes another party to act for him. *Southern Exposition Management Co. v. Genmar Industries, Inc.*, 250 Ga. App. 702, 704 (2001). The existence of agency and the extent of the agent's authority are questions of fact. *Id.*

Here, Plaintiff does not allege any facts in his complaint indicating that Kelly authorized REI to act as his agent. Kelly has presented affidavits by himself and his business manager as well as the contract between REI and Kelly Touring which indicate that (1) Kelly never personally entered into any type of contract or agreement with REI, Rowe, or Simms and never gave them any authority to act on his behalf; (2) Kelly Touring rather than Kelly entered into a commercial contract with REI granting it the right to promote

7

concerts on his 2007 tour; (3) the agreement between REI and Kelly Touring did not grant REI the right to act as an agent for Kelly or Kelly Touring; (4) the agreement between REI and Kelly Touring stated that REI was not authorized to partner with other promoters or sell off the rights to any of Kelly's shows without prior written approval; and (5) an arbitrator found that REI never obtained approval and did sell off rights to promote Kelly's shows in violation of the agreement. As Plaintiff has made no factual allegations of agency, Plaintiff may not try to impute REI's contacts with Georgia to Kelly.

As the above analysis indicates, Plaintiff cannot show that Kelly had the necessary "minimum contacts" with Georgia to support either specific or general jurisdiction. As such this court need not engage in a formal analysis of whether exposing Kelly to jurisdiction in Georgia in this matter would offend the "traditional conception of fair play and substantial justice." However, the court notes that Kelly manages all of his business affairs through his business manager, Derrel McDavid, who is located in Illinois. McDavid established Kelly Touring as an Illinois corporation to handle all aspects of promoting Kelly's services as a live performer. McDavid employed Creative Artists Agency to work with Kelly Touring and negotiate and execute agreements with concert promoters. Kelly has gone to considerable lengths to separate himself personally from the business aspects of his career, and there is no evidence he has abused the corporate form in any way. Kelly has ensured that he is not personally involved in contracting with promoters and would not and should

8

not have to anticipate being haled into court in every state in which he performs to litigate promotion agreements to which he was not a party.

Having determined that this court lacks personal jurisdiction over Kelly, the court will not address whether Plaintiff's complaint should be dismissed for failure to state a claim.

### III. Conclusion

Kelly's Motion to Dismiss [17] is GRANTED, and he is no longer a party to this litigation. The court DIRECTS the Clerk of Court to enter DEFAULT against remaining Defendants REI, Leonard Rowe, and William R. Simms, Jr., for failure to timely answer. The court DIRECTS Plaintiff to move for default judgment under Fed. R. Civ. P. 55(b) as to these remaining Defendants.

**IT IS SO ORDERED** this 5th day of June 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)