# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Terrance L. Kinnard, :
:
      Plaintiff, :
:
  v. : CIVIL ACTION NO.
: 1:08-cv-01824-JOF
Robert Kelly, et al., :
:
      Defendants. :
:

## **OPINION & ORDER**

This matter is before the court on Plaintiff's motions for default judgment [22] and [23]. The present case arises out of a dispute between two entities seeking to promote some of R. Kelly, an internationally known recording artist's, concerts. In a previous order, the court granted Plaintiff's motion for service by publication, and Plaintiff published service in both the Chicago Daily Law Bulletin and the Fulton County Daily Report. D.E. [9]-[11]. Kelly filed a motion to dismiss for lack of personal jurisdiction, which the court granted. D.E. [21]. In that same order, the court noted that none of the other Defendants answered Plaintiff's service by publication, and the court then directed Plaintiff to move for default judgment under Fed. R. Civ. P. 55(b) against those remaining Defendants. Plaintiff did so, and those motions are presently before the court.

Upon its default, Defendants admit the well-pleaded allegations of fact found in Plaintiff's complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, a default judgment is not automatically granted, and "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id*. Thus, the court must determine whether Plaintiff's well-pleaded allegations, deemed to be admitted by Defendants, sufficiently demonstrate Defendants' liability and the amount of damages. Plaintiff's motions for default judgment do not address the issue of whether Plaintiff's complaint establishes Defendants' liability. They simply say that "[i]n support of this request [for default judgment] plaintiff relies upon the record in this case and the affidavit submitted herein."[2]

As stated above, in order to grant default judgment the court must find that Defendants' liability as to each of the five separate causes of action is established by the well-pleaded allegations in the complaint, which are deemed admitted by Defendants. However, Plaintiff has not given the court the benefit of any briefing on whether these causes of action are in fact well-pled in Plaintiff's complaint. The causes of action in the complaint do not state whether they are based on federal law or state law. Nor does the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] The attached affidavits are pertinent to attorneys' fees.

2

complaint state what, if any, statute the claims are based on or whether they are instead based on common law. The complaint also requests certain damages without explaining what law supports such a claim. As the court cannot decipher what law the Plaintiff's causes of action are based on, it cannot determine whether the allegations in the complaint establish Defendants' liability.

The court finds that the most efficient manner in which to proceed is to direct Plaintiff to file a motion for summary judgment briefing any of the causes of action set forth in the complaint on which he wishes to proceed. The motion for summary judgment should include a statement of material undisputed facts regarding the facts related to liability for those causes of action on which Plaintiff moves, as well as the facts used to calculate damages. Plaintiff is DIRECTED to file a summary judgment motion within thirty (30) days from the date of this order.

**IT IS SO ORDERED** this 1st day of December 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

3